**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA  85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for COLLEEN FAUCHER

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

| | |
|---|---|
| COLLEEN FAUCHER, | Case No.: |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| VANCE & HUFFMAN, LLC, | |
| Defendant, | |

NOW COMES the plaintiff, COLLEEN FAUCHER, by and through her attorneys, ANDERSON BANTA CLARKSON PLLC, and for her Complaint against the defendant, VANCE & HUFFMAN, LLC, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. COLLEEN FAUCHER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kingman, County of Mohave, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Firstline Security, Inc. (hereinafter, "the Debt").

6. The Debt was for an alarm system in which the original creditor alleged that Plaintiff did not turn in the equipment used. Plaintiff avers that in October of 2007, she had contacted the original creditor upon the termination of her use of the services, and requested that the equipment be picked up. Plaintiff was informed then and there that a representative would come by to retrieve the equipment.

7. Plaintiff further avers she contacted the original creditor on three more occasions to re-request that the equipment be retrieved - once again in October 2007, once in November 2007 and once in December 2007. With each call, she was assured that the equipment would be retrieved before Plaintiff would have to vacate the property. However, no representative ever appeared and removed the equipment, and Plaintiff was forced to vacate the property. After vacating the property, in January 2008, Plaintiff contacted the original creditor to advise that she had left the property and nobody had picked up the equipment. She was again assured that representatives would go to the property to retrieve their security system. Now, approximately nine (9) years after vacating the property, Defendant has first attempted to collect this alleged Debt.

8. The alarm system was for the personal use of Plaintiff and/or used for household expenditure.

9. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. VANCE & HUFFMAN, LLC, (HEREINAFTER, "DEFENDANT") is a business entity engaged in the collection of debt within the State of Arizona. Defendant's principal place of business is located in the State of Virginia. Defendant is registered as a limited liability company in the State of Virginia.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

16. On or about March 7, 2017, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that she was calling to collect the Debt from Plaintiff.

17. In the aforesaid telephone call, Defendant attempted to obtain an agreement from Plaintiff to pay the debt.

18. In attempting to persuade Plaintiff to make a payment arrangement, Defendant advised that if Plaintiff agrees to a payment plan, the debt will be removed from her credit report.

19. Plaintiff then and there advised Defendant that she had recently seen her credit report, and the account did not appear.

20. Defendant then and there stated to Plaintiff that they will be placing it on her credit report if the debt is not paid.

21. The date of first delinquency on the Debt was in or around the year 2006.

22. The date of the last payment on the Debt was in or around the year 2006.

23. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

24. Pursuant to 15 U.S.C. §1681s-2(a)(5), Defendant is under a statutory duty to report to the credit reporting agencies the true and accurate date of first delinquency as to the Debt so that the credit reporting agencies to which the debt is reported can comply with 15 U.S.C. § 1681c(a)(4).

25. Defendant's statement, as delineated in the previous paragraph, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt, then Defendant would report the debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

26. Based on Defendant's representations, as delineated above, Plaintiff believed that if she did not pay the Debt, Defendant would report the debt to one or more consumer reporting agencies.

27. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt, then the debt would appear on Plaintiff's credit report.

28. Based on Defendant's representations as delineated above, Plaintiff believed that if she did not pay the Debt, it would appear on her credit report.

29. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt, the non-payment of said debt would have a detrimental effect on Plaintiff's credit score.

30. Based on Defendant's representations as delineated above, Plaintiff believed that if she did not pay the Debt, the non-payment of said debt would have a detrimental effect on her credit score.

31. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

32. Pursuant to 15 U.S.C. § 1681c(b), the following debts are exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years:

   i. A credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;

   ii. The underwriting of life insurance involving, or which reasonably be expected to involve, a face amount of $150,000 or more; or

   iii. The employment of any individual at an annual salary which equals, or may reasonably be expected to equal $75,000, or more.

33. The debt on which Defendant was attempting to collect from Plaintiff was for a credit transaction for less than a principal amount of $150,000.

34. The debt on which Defendant was attempting to collect from Plaintiff was not relative to a life insurance policy.

35. The debt on which Defendant was attempting to collect from Plaintiff was not relative to employment.

36. The debt on which Defendant was attempting to collect from Plaintiff was not a debt that falls within any of the aforementioned categories such that it would be exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years.

37. At the time Defendant made the aforementioned representations, i.e., that it would report the Debt to the credit reporting agencies, the account relative to the debt on which Defendant was attempting to collect antedated the applicable reporting period by more than seven (7) years.

38. Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported the Debt to the consumer reporting agencies, the Debt would not appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

39. Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported the Debt to the consumer reporting agencies, said information would be unlikely to appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

40. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt as Defendant implied that the Debt would appear on Plaintiff's credit report and have a detrimental affect on Plaintiff's credit score when in fact, the consumer reporting agencies would be precluded from reporting said debt pursuant to §1681c(a)(4) of the FCRA.

41. Defendant's representations, as delineated above, were unfair and unconscionable as the threat to report the Debt to the consumer reporting agencies was a hollow threat made only to intimidate Plaintiff into making payment against said debt.

42. Defendant's representation, as delineated above, were statements made, the natural consequence of which was to harass and/or abuse the Plaintiff.

43. At the time Defendant made the representations regarding the reporting of the Debt to the consumer reporting agencies, Defendant had neither the intent nor the authority to report said debt to the consumer reporting agencies.

44. In its attempts to collect the debt allegedly owed by Plaintiff to Firstline Security, Inc., Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Falsely representing or implying that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof in violation of 15 U.S.C. §1692e(1);

   d. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

45.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

46.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, COLLEEN FAUCHER, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a.     All actual compensatory damages suffered;

   b.     Statutory damages of $1,000.00;

   c.     Plaintiff's attorneys' fees and costs;

   d.     Any other relief deemed appropriate by this Honorable Court.

**ANDERSON BANTA CLARKSON PLLC**

By:     s/ Adam Anderson
   Attorney for Plaintiff
   Adam C. Anderson
   48 North MacDonald Street
   Mesa, AZ  85201
   Attorney for Plaintiff